**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ SEP 0 1 2009 ★

BROOKLYN OFFICE

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

YAN WON LIAO,                                      )
JIN WEN HUANG,                                     )
      Plaintiffs,                              )
                      )
                      )
v.                                                 )    Civil Action No. **09 3776**
                      )
                      )    COGAN, J.
ERIC HOLDER, JR., United States                    )
  Attorney General;                                )
ALEJANDRO MAYORKAS, Director                        )
  U.S. Citizenship and Immigration Services;)
JANET NAPOLITANO, Secretary,                        )
  Department of Homeland Security;                 )
PAUL NOVAK, Director,                               )
  Vermont Service Center, United States            )
  Citizenship and Immigration Services             )
————————————————————————————                       )

# COMPLAINT

COME NOW, Yan Won Liao, and Jin Wen Huang Plaintiffs, in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1

## I.  INTRODUCTION

This is a civil action challenging the decision of United States Citizenship and Immigration Services ("USCIS") to issue an I-130 approval notice with an incorrect priority date.  The Plaintiffs requested a priority date consistent with the automatic conversion clause of the Child Status Protection Act ("CSPA").

## II. JURISDICTION

2.      This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 2201 (Declaratory Judgment Act); 5 U.S.C. § 555 and § 701 et seq. (Administrative Procedures Act); and 28 U.S.C. § 1361 (mandamus statute).  Plaintiffs due process rights were also violated.

3.      Relief is requested pursuant to said statutes.

## III.   VENUE

4.      Venue is appropriate in the District Court for the Eastern District of New York.  See 28 U.S.C. § 1391(e).  Plaintiff Jin Wen Huang resides at 617 59th Street, 1st Floor, Brooklyn, New York, 11220, which is within the jurisdiction of the Eastern District of New York.

## IV.   PLAINTIFFS

5.      Plaintiff Jin Wen Huang is a citizen of the People's Republic of China.  Plaintiff Huang became a permanent resident of the United States on November 5, 2007.  *See* Exhibit A (copy of immigrant visa and admission stamped as F4)


6.      Plaintiff Huang is the I-130 petitioner for her daughter Plaintiff Yan Won Liao.  *See* Exhibit B (copy of the I-130 Approval Notice, EAC-08-124-14183).


7.      Plaintiff Huang filed an I-130 petition on February 5, 2008, requesting a priority date of June 27, 1996, which would enable her daughter to immediately be eligible for an immigrant visa upon approval of the I-130 (Exhibit C).  Plaintiffs contend that this is the correct priority date under CSPA.


## V. DEFENDANTS

8.      Defendant Paul Novak is the Director of the California Service Center in St. Albans, Vermont.  The Vermont Service Center is one of the Service Centers for USCIS.  The Vermont Service Center has original jurisdiction over I-130 Petitions filed by petitioners from New York.  His office made the decision on the I-130 petition in which they assigned a priority date of June 27, 1996. Defendant Alejandro Mayorkas is the Director of USCIS.

9.     Defendant Janet Napolitano is the Secretary of the Department of Homeland Secu-

rity. As a result of a massive reorganization, the Immigration and Naturalization Service

was dissolved on March 1, 2003 and its functions were taken over by the Department of

Homeland Security.  USCIS is a branch of the Department of Homeland Security.

10.    Eric Holder is the Attorney General of the United States.

11.    All Defendants are being sued in their official capacities.

## V.    FACTUAL BACKGROUND

12.    Plaintiff Jin Wen Huang became a lawful permanent resident on November 5,

2007. *See* Exhibit A

13.    Plaintiff Huang filed an I-130 derivative petition based upon her approved I-

130 filed by her brother on June 27, 1996.  However, her daughter, Plaintiff Liao,

never received an interview notice nor an immigrant visa.  Ms. Liao was over the age

of 21 when an immigrant visa number became available and there were no exceptions

or laws that allowed her to be eligible for an immigrant visa at that time.  She is still in

China as she must wait until the priority date is current to come to the United States and join her family. The erroneous priority date assigned by USCIS is not current.

14.     Ms. Huang obtained her permanent resident status through an approved I-130 petition filed by Kwok Yun Wong in the family fourth-preference category (F-4) for brothers or sisters of United States citizens. *See* Exhibit D (I-130 approval notice) The priority date for Ms. Huang's approved petition was June 27, 1996. Id. Plaintiff Liao aged-out and received an I-130 Approval Notice with an erroneous priority date of December 27, 2007 and a visa number is no longer available under this priority date. *See* Exhibit B (Copy of the I-130 Approval Notice, EAC 08 124-14183)

15.     On February 5, 2008, Plaintiff Huang filed an I-130 Immigrant Petition for her daughter. *See* Exhibit C (copy of I-130 Receipt Notice). The I-130 Petition was filed requesting a priority date of June 27, 1996, as Liao was a derivative beneficiary of the I-130 petition for Plaintiff Huang filed on that date. *See* Exhibit D, (copy of I-130 Fourth Preference for Plaintiff) The reason the petition was filed was because Plaintiff Liang could not obtain her immigrant visa through the original F-4 petition filed on behalf of her mother because she had already turned twenty-one. The current I-130 petition was filed in the family second-preference category ("F-2B")

16.     Under INA § 203(h)(1)(CSPA), if the age of the alien is determined to be 21

years or older, the alien's petition shall automatically be converted to the appropriate

category and the alien shall retain the original priority date issued upon receipt of the

original petition.  If Plaintiffs' I-130 second preference petition is approved with a

priority date of June 27, 1996, visa numbers would be available for  Yan Won Liao

and she would be eligible to get her immigrant visa and thereafter immigrate to the

United States. *See* Exhibit E (Visa Bulletin)

**17.**     The I-130 2-B petition was filed with an explicit request to retain the June 27,

1996 priority date, which would make a visa number available to Ms. Liao in China.

18.     Subsequent to the approval of the I-130 petition, Plaintiffs submitted a letter to

the Vermont Service Center requesting a corrected priority date of June 27, 1996.  The

priority date has not been corrected.

19.     On June 16, 2009, the Board issued a published decision addressing the provi-

sion of CSPA at issue under similar facts.  Matter of Wang, 25 I&N Dec. 28 (BIA

2009).  In its decision, the Board first discusses whether INA § 203(h) is applicable

where the beneficiary did not seek to acquire lawful permanent resident status within

one year. Id. at 33.  However, the Board did not address this question in light of its holding that the automatic conversion provision set forth in INA § 203(h)(3) is not applicable. Id.

20.     With respect to the automatic conversion provision, the Board found that this would apply only where the petitioner remained the same on both petitions.  The Board limited the provision to only a select group of derivative children, which are those of a second preference spouse beneficiary.  Thus, under the Board's decision, Plaintiff would not be entitled to the earlier priority date.

21.     The Board's decision is consistent with the position that USCIS has taken in these cases.  Plaintiff believes that the Board's decision is erroneous and will address the decision in detail herein.

## VI.   **CAUSE OF ACTION**

22.     Plaintiffs incorporate by reference paragraphs 1-21 of the Complaint.

23.     Plaintiffs are requesting that this Court issue a decision finding that USCIS' interpretation of CSPA is improper and compelling USCIS to issue a June 27, 1996 priority

date. This is purely a legal question involving statutory interpretation. USCIS' decision contradicts the plain language of the statute. It is not entitled to deference. Additionally, the Board's decision in <u>Wang</u>, which addresses the same issue involved herein, violates the plain language of the statute and is not entitled to deference. Furthermore, the decision is unreasonable.

24.     The Child Status Protection Act, Pub. L. 107-208 (Aug. 6, 2002) was enacted on August 6, 2002. The purpose of the Act was to protect children who aged-out during the long process of applying for lawful permanent residence. INA § 203(h)(1) sets forth a formula for determining whether a person qualifies as a "child" under the Immigration and Nationality Act. If the individual is considered a child, he or she would be eligible to either adjust status or come to the United States as an immigrant under a petition filed on behalf of one of the parents. Under INA § 203(h)(1), the child's age is adjusted by subtracting the amount of time USCIS takes to adjudicate the visa petition from the age of the child on the date he or she becomes eligible to adjust status. If the adjusted age is under 21, that child has not aged-out and is eligible to immigrate with the parent.

25.     INA § 203(h)(3) addresses the retention of a priority date for a person that is considered over the age of 21 after performing the calculation set forth in INA § 203(h)(1).

It is undisputed that the beneficiary in the instant case is over 21 for purposes of CSPA. That section states:

"(3)  Retention of Priority Date.-

If the age of an alien is determined under paragraph (1) to be 21 years of age or older for the purposes of subsections (a)(2)(A) and (d), the alien's petition shall automatically be converted to the appropriate category and the alien shall retain the original priority date issued upon receipt of the original petition."

Subsection (a)(2)(A) refers to INA § 203(a)(2)(A) which provides the statutory authority to issue visas to sons and daughters of lawful permanent residents. Subsection (d) refers to INA § 203(d) which provides the statutory authority to issue visas to derivative beneficiaries (spouses and children) to immigrate with the principal beneficiary. Under the plain language of INA § 203(h)(3), once the alien is determined to be over 21 under (h)(1), the alien's petition shall "be converted to the appropriate category and the alien shall retain the original priority date issued upon receipt of the original petition."

26.    Plaintiff Liao was previously a derivative beneficiary of an approved I-130 petition filed on behalf of her mother with a June 27, 1996 priority date. Ms. Liao is considered 21 years or older for purposes of INA § 203(h)(1)(CSPA) and therefore, the appropriate category must be determined and she shall retain the priority date of the original petition. The appropriate category is F-2B as Plaintiff Liao is the unmarried

child (21 or older) of a lawful permanent resident and the priority date must be the priority date of the first approved I-130, which was June 27, 1996. Thus, the priority date is current.

27.    In the instant case, USCIS' decision erroneously construed the provisions at issue, and in effect, interpreted the statute as if the phrase relating to 203(d) was not even present in the subsection. The decision is contradicted by the plain language, structure, history, and purpose of the Section 3 of the Child Status Protection Act.

28.    As set forth by the Ninth Circuit Court of Appeals, the provisions of CSPA should be read broadly. Padash v. INS, 358 F.3d 1161, 1168-74 (9th Cir. 2004). "The legislative objective reflects Congress' intent that the Act be construed so as to provide expansive relief to children of United States citizens and permanent residents." Id. CSPA "was intended to address the often harsh and arbitrary effects of the age out provisions under the previously existing statute." Id. at 1173. Congress stated that the purpose of the Child Status Protection Act was to "address [] the predicament of these aliens, who through no fault of their own, lose the opportunity to obtain [a] . . . visa." H.R. Rep. No. 107-45, *2, reprinted in 2002 U.S.C.C.A.N., at 641.

29.    When interpreting a statute, the Agency must ascertain the intent of Congress

by giving effect to its legislative will.  Hernandez v. Ashcroft, 345 F.3d 824, 838 (9th

Cir. 2003).  In analyzing a statute, the first step is to look at the plain meaning of the

statute.  Additionally, a general canon of statutory construction is that "a rule intended

to extend benefits should be interpreted and applied in an ameliorative fashion."  Pa-

dasah, 358 F.3d at 1173 quoting Hernandez, 345 F.3d at 840.


30.  When traditional tools of statutory construction reveal Congress' intent, "defe-

rence is not required at all."  Padash, 358 F.3d at 1168.  When a statute is ambiguous,

an Agency's "permissible construction" of it is subject to deference.  Chevron v.

U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843 (1984).


31.    The plain language of the statute at issue supports the position of Plaintiffs.

Ms. Liao is no longer considered a "child" for purposes of CSPA.  She had aged-out

by the time her mother's immigrant visa was approved.  The next step is to look at

INA § 203(h)(3).  This section specifically applies to all derivative beneficiaries who

age out under paragraph (1) and not solely to beneficiaries of INA § 203(a)(2)(A).

The structure of the subsection, specifically to include both "(a)(2)(A) and (d)" clearly

indicates Congress' intent to provide the mandatory conversion and automatic reten-

tion of priority date.

32.    The phrase "for purposes of subsection (a)(2)(A) and (d)," is used in both sub-sections (1) and (3).  If a phrase is used in different subsections of a statute, it is a well-established canon of statutory construction that Congress intends to have the phrase to have the same meaning throughout the statute.  United States v. Various Slot Machines on Guam, 658 F.2d 697, 703, n. 11 (9th Cir. 1981).  Had Congress intended to limit subsection (3) to derivative beneficiaries of INA § 203(a)(2)(A) only, it would have specified this restriction.  In other circumstances, Congress has set forth clear limitations.  See e.g. INA § 201(b)(1)(A)(section limited to certain categories of spe-cial immigrants); INA § 203(d) (section limited to certain definitions of the term "child"); INA § 201(b)(2)(A)(ii)(section limited to individuals "described in the second sentence of § 201(b)(2)(A)(i))."

33.    The interpretation of INA § 203(h)(3) is not consistent with the plain language of the remainder of the statute.  INA § 203(h)(2)(B) makes clear that "with respect to an alien child who is a derivative beneficiary under subsection (d)," all of INA § 203(h)("this paragraph") applies to any "petition filed under section 204 for classifica-tion of the alien's parent under subsection (a), (b), or (c)."  All of INA § 203(h) ap-plies to any petition filed for an alien child of the primary beneficiary under family-based, employment-based, or diversity petitions.  There is no distinction in INA § 203(h)(2)(B) between derivative beneficiaries of family second preference petitions or

any other preference.  As set forth above, INA § 203(h)(3) specifically references INA § 203(d).

34.   There are many other sections of immigration law permitting conversion and retention of a priority date where the petitioner is not the same.

35.   One example is contained in 8 C.F.R. § 204.5(e).  That regulation allows an employer to petition for a person in the EB-1, EB-2, or EB-3 categories.  If the person changes employment after the I-140 is approved, another employer may sponsor the person in the same or a different category.  Once the second I-140 is approved, the person can adjust by retaining the original priority date of the initial petition.

36.   The Patriot Act provides another example where Congress provided for retention of a priority date for use in a subsequent petition by a different petitioner.  Section 421(c) of the Patriot Act, P.L. 107-56, 115 Stat. 272 (2001) provides that where a family-sponsored visa petition was revoked or terminated due to specified terrorist activity, the beneficiary could file a new "self-petition" while retaining the priority date of the family members earlier petition.

37.   Additionally, a non-citizen physician working in a medically underserved area

who changes jobs may retain the priority date of the prior employer's petition for use with the new employer's petition. 8 C.F.R. § 204.12(f)(1). Another regulation allows transfer of priority date of petition filed by an abusive spouse or parent to a new petition. See 8 C.F.R. § 204.2(h)(2).

38.   USCIS regulations permit individuals to change jobs, preference categories, and petitioners while retaining the original priority date. The automatic conversion clause in CSPA is not the only law that allows a person to retain the priority date of a previous petition where the new petition is filed by a different petitioner. The Agency's decision is flawed as it fails to consider the other sections where retention of a priority date is permitted despite the fact that the second petition involves a new petitioner. The interpretation of USCIS in the instant case and the Board in Wang is inconsistent with the statutory and regulatory scheme, and incorrectly concludes Congress' intent for automatic conversion to only apply for petitions filed by the same petitioners.

39.   Ms. Liao has been waiting since 1996 for her immigrant visa. She is not jumping in line in front of others who waited for a longer time. She is trying to save her place in line and avoid having to go to the back of another long line. Unfortunately Ms. Liao aged-out while waiting for the immigrant petition to be approved. Although she cannot take advantage of INA § 203(h)(1), she falls under INA § 203(h)(3) and her

petition is automatically converted and "shall" be given the 1996 priority date. Just as Congress includes INA 203(d) in INA§ 203(h)(3) to refer specifically to derivative beneficiaries, Congress also uses the word "shall" intentionally to indicate that there is no discretion for losing the priority date already obtained for the family.

40.   In the event that this Court finds that the statute is ambiguous, the Agency's interpretation is unreasonable. The statutory provisions at issue allow for conversions and retention of priority dates. Additionally, any argument that INA § 203(h) codified an existing regulation is without support.

41.   The Agency's interpretation of the automatic conversion provision of INA § 203(h)(3) is not rational or consistent with the statute. The Board's decision in <u>Wang</u>, which adopted USCIS' position on this matter in all cases, is based on the unsupported assumption that the new category to which the petition converts must be related to the original petitioner.

42.   For the reasons set forth herein, this Court should find that INA § 203(h)(3) is applicable and that the appropriate priority date is June 27, 1996. This is consistent with the plain language and intent of CSPA. The Agency's interpretation is contradicted by the plain language, structure, history, and purpose of the Section 3 of the

Child Status Protection Act. The focus should be on the child's relationship with the original primary beneficiary not the original petitioner and derivative beneficiary. In the instant case, the appropriate priority date is the date the original petition was filed. The appropriate category for conversion is the F-2B category and Plaintiffs retain the 1996 priority date, which is now current.

43.    The Agency's decision is in violation of the plain language of the statute. It is arbitrary, capricious, and an abuse of discretion. USCIS failed to adjudicate the I-130 petition in accordance with INA § 203(h). As such, the I-130 was improperly assigned a December 27, 2007 priority date. The decision is not in accordance with the law. Furthermore, as stated herein, the Board's subsequent published decision in Wang should not be given deference.

44.  Plaintiffs have been aggrieved by the decision of USCIS. Plaintiffs have been deprived of the proper priority date on the petition. Had the proper date been assigned, Plaintiff Huang's daughter would have a visa immediately available and could come join her in the United States. Plaintiff Liao has improperly been denied the ability to come to the United States on an immigrant visa due to the improper designation of a visa number.

45. For the reasons set forth herein, Plaintiffs' due process rights were also violated by the improper decisions. The decisions contradict the plain language of the statute. This has deprived the family of an opportunity to reunite in the United States.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court:

(1)   Assume jurisdiction of this cause;

(2)   Overturn the decision of USCIS and find that it violates the plain language of INA § 203(h) and is unreasonable.

(3)   Declare that the correct priority date of the instant I-130 petition is June 27, 1996.

(4)   Compel Defendants to assign Plaintiffs the priority date of June 27, 1996.

(5)   Grant reasonable attorney's fees;

(6)   Grant any other relief as this Court deems proper.

Dated: 08/28/2009

Respectfully,

Margaret Wong (MW9339)
Margaret Wong & Associates Co., LPA
Attorney for Plaintiffs
3150 Chester Ave.
Cleveland, Ohio 44114
(216) 566-9908
(216) 566-1125 (fax)

## CERTIFICATE OF SERVICE

I, Margaret W. Wong, herby certify that I have served a copy of the foregoing this 28th day of August 2009 to:

- Eric Holder, Jr., Attorney General of the United States
  U.S. Department of Justice
  950 Pennsylvania Avenue, NW
  Washington, DC 20530-0001

- Janet Napolitano, Secretary, Department of Homeland Security
  United States Department of Homeland Security
  Washington, DC 20528

- Alejandro Mayorkas, Director
  U.S. Citizenship and Immigration Services
  20 Massachusetts Ave., NW
  Washington, DC 20529

- Paul Novak, Director
  Vermont Service Center – USCIS
  75 Lower Welden St.
  St. Albans, VT 05479

- Benton J. Campbell, USA
  U.S. Attorney's Office
  147 Pierrepont Street
  Brooklyn, NY 11201

_____
Margaret W. Wong (MW9339)

# EXHIBIT A



# EXHIBIT B

## THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>EAC-08-124-14183 | CASE TYPE I130   IMMIGRANT PETITION FOR RELATIVE,<br>FIANCE(E), OR ORPHAN |
|---|---|
| RECEIPT DATE<br>February 5, 2008 | PRIORITY DATE<br>December 27, 2007 | PETITIONER A059 258 942<br>HUANG, JIN WEN |
| NOTICE DATE<br>October 2, 2008 | PAGE<br>1 of 1 | BENEFICIARY<br>LIAO, YAN WON |

MARGARET W. WONG
3150 CHESTER AVENUE
CLEVELAND OH 44114

Notice Type: Approval Notice
Section: Unmarried child 21/older of
permanent resident,
203(a)(2)(B) INA

The above petition has been approved. We have sent the original visa petition to the Department of State National Visa Center (NVC), 32 Rochester Avenue, Portsmouth, NH 03801-2909. NVC processes all approved immigrant visa petitions that need consular action. It also determines which consular post is the appropriate consulate to complete visa processing. NVC will then forward the approved petition to that consulate.

The NVC will contact the person for whom you are petitioning (beneficiary) concerning further immigrant visa processing steps.

If you have any questions about visa issuance, please contact the NVC directly. However, please allow at least 90 days before calling the NVC if your beneficiary has not received correspondence from the NVC. The telephone number of the NVC is (603) 334-0700.

The approval of this visa petition does not in itself grant any immigration status and does not guarantee that the alien beneficiary will subsequently be found to be eligible for a visa, for admission to the United States, or for an extension, change, or adjustment of status.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283



# EXHIBIT C

# THE UNITED STATES OF AMERICA

| Receipt Number: EAC-08-124-14183 | Case Type: I-130 - Petition for Alien Relative | |
|---|---|---|
| Received Date: December 27, 2007 | Priority Date: | Petitioner: A059258942 HUANG, JIN WEN |
| Notice Date: February 05, 2008 | Page 1 OF 1 | Beneficiary: LIAO, YAN WON |

| MARGARET WONG<br>3150 CHESTER AVENUE<br>CLEVELAND, OH 44114 | Notice Type: Receipt Notice |
|---|---|
| | Amount Received: $355.00 |
| | Section: Unmarried child 21/older of permanent resident, 203(a)(2)(B) INA |

**Receipt Notice** - This notice confirms that USCIS received your application or petition ("this case") as shown above. If any of the above information is incorrect, please immediately call 800-375-5283 to let us know. This will help avoid future problems.

This notice does not grant any immigration status or benefit. It is not even evidence that this case is still pending. It only shows that the application or petition was filed on the date shown.

**Processing Time** - Processing times vary by kind of case. You can check our website at www.uscis.gov for our current processing times for this kind of case at the particular office to which this case is or becomes assigned. At our website's "case status online" page, you can also view status or sign up to receive free e-mail updates as we complete key processing steps in this case. During most of the time this case is pending, however, our systems will show only that the case has been received, and the processing status will not have changed, because we were working on other cases that were filed earlier than this one. We will notify you by mail, and show in our systems, when we make a decision on this case or if we need something from you. If you do not receive an initial decision or update from us within our current processing time, check our website or call 800-375-5283. Please save this notice and any other notice we send you about this case, and please make and keep a copy of any papers you send us by any means, along with any proof of delivery to us. Please have all these papers with you if you contact us about this case.

**If this case is an I-130 Petition** - Filing and approval of a Form I-130, Petition for Alien Relative, is only the first step in helping a relative immigrate to the United States. The beneficiaries of a petition must wait until a visa number is available before they can take the next step to apply for an immigrant visa or adjustment of status to lawful permanent residence. To best allocate resources, USCIS may wait to process forms I-130 until closer to the time when a visa number will become available, which may be years after the petition was filed. Nevertheless, USCIS processes forms I-130 in time not to delay relatives ability to take the next step toward permanent residence once a visa number does become available. If, before final action on the petition, you decide to withdraw your petition, your family relationship with the beneficiary ends, or you become a U.S. citizen, call 800-375-5283.

**Applications requiring biometrics** - In some types of cases USCIS requires biometrics. In such cases, USCIS will send you a SEPARATE appointment notice with a specific date, time and place for you to go to a USCIS Application Support Center (ASC) for biometrics processing. You must WAIT for that separate appointment notice and take it (NOT this receipt notice) to your ASC appointment along with your photo identification. Acceptable kinds of photo identification are: a passport or national photo identification issued by your country, a drivers license, a military photo identification, or a state issued photo identification card. If you receive more than one ASC application notice, even for different cases, take them both to the first appointment.

**If your address changes** - If your mailing address changes while your case is pending, call 800-375-5283 or use the "Online Change of Address" function on our website. Otherwise, you might not receive notice of our action on this case.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

U. S. Citizenship and Immigration Services
USCIS Vermont Service Center
75 Lower Welden Street
Saint Albans, VT 05479-0001



1014486        0101448605        Form I-797C (Rev. 01/31/05) N



# MARGARET W. WONG & ASSOC. CO., LPA
### ATTORNEYS AT LAW

Cleveland   •   Columbus   •   Detroit   •   New York

December 26, 2007

The Director
US DHS/US CIS
P.O. Box 804616
Chicago, Illinois 60680-1029

RE:   I-130 filing:   **CSPA CASE - Derivative beneficiary**

## "PRIOIRTY DATE RETENTION REQUEST"

Petitioner (previous beneficiary): HUANG, Jin Wen (LPR mother) A59 258 942
Derivative beneficiary:                        LIAO, Yan Won (daughter, now over 21)

*F-4 Petitioner:*        ***WONG, Kwok Yun filed I-130 in F-4 for sister on 07/03/1996***
*Principle beneficiary:*   ***HUANG, Jin Wen***
*Derivative of principle:*  ***LIAO, Yan Won (daughter, now over 21)***

Dear Director:

    We respectfully request your assistance in reviewing and immediately adjudicating the attached I-130 immigrant petition for alien relative.   The instant I-130 petition is filed with a request for immediate adjudication and retention of the priority date under Child Status Protection Act, Pub.L.No. 107-20, 116 Stat. 927 (2002).   Please find attached:

- G-28 Notice of Representation
- The I-130 Petition signed by Ms. Jin Wen HUANG on behalf of her unmarried, over-21 daughter, Yan Won LIAO with the appropriate filing fee of $355,
- Copy of previous I-130 receipt notice and approval for the brother, Kwok Yun WONG, of the current petitioner (previous F-4 sibling of a US citizen), Jin Wen HUANG,
- Copy of the original I-130 filing listing current beneficiary, Yan Won LIAO, as derivative beneficiary for her mother's brother's F-4 immigrant visa case,
- Copy of Immigrant Visa Application Fee-bill issued by National Visa Center for Yan Won LIAO,
- The relevant birth certificates and marriage certificates to evidence family relationships,
- A copy of the petitioner's immigrant visa and immigration stamp showing admission on November 5th 2007.

MWW Immigration Center
3150 Chester Avenue
Cleveland, Ohio 44114
Tel: 216.566.9908
Fax: 216.566.1125
wong@imwong.com                              *No person does not have his/her time; no hour does not have its leader.*
www.imwong.com                               **Practice Focus: Immigration, Visas, U. S. Citizenship**

BRIEF IN SUPPORT
OF
CSPA DETERMINATION OF ELIGIBILITY

The Child Status Protection Act of 2000 (hereinafter "CSPA") signed into law and effective on August 6, 2002, Public Law 107-208, 116 Stat. 972., amends the Immigration and Nationality Act (hereinafter "Act") concerning the definition of "child" under the Act, in order to allow families to remain in tact even if the actual age of the child reached age 21. Congress amended the Act to rectify the age-out issue faced by many foreign families who wait the proscribed period of time to legally receive immigrant visas but who are faced with devastating family separation simply due to the passage of time and the age of their children by the time an immigrant benefit becomes available.

While CSPA does offer hope and family unity for many cases, it still has very specific and limited situations in which the CSPA age determination will actually permit the "child" to remain a "child" under the INA. Several U.S.C.I.S. guidance memoranda and Department of State cable memoranda have been issued to help determine eligibility under CSPA. Specifically, this brief will refer to U.S.C.I.S. Memorandum for Regional Directors authored by Johnny N. Williams, Executive Associate Commissioner, Office of Field Operations, dated February 14, 2003 as the "Williams 2003 memo" and the Department of State Cable, Reftel (A) 02 State 163054 (B) 02 State 123775, advising posts as to immigrant visas under CSPA, as the "CSPA Cable".

The CSPA Cable directs a three-step approach: first, determine whether CSPA applies; second, if CSPA applies, second, determine whether CSPA age, and third, if over 21 even with CSPA calculation, determine the appropriate category to which the immigrant visa automatically converts.

Step 1 – CSPA Applicability

According to both the Williams 2003 memo and the CSPA Cable, to determine whether CSPA applies, review Section 8 to determine effective date of CSPA, which is the date of the enactment, August 6, 2002. Further, to determine that CSPA applies, a petition must have either been filed after 8/6/02, filed but not yet adjudicated on 8/6/02, or filed and approved prior to 8/6/02, but whose beneficiary either aged-out after 8/6/02 or the beneficiary aged out before 8/6/02 but prior to aging out, had applied for an immigrant visa[1] and was refused under 221(g). In our instance, Yan Won LIAO, was born on 05/07/1986, and did not turn 21 until 05/07/2007.

---

[1] While the derivative beneficiary did pay the immigrant visa fee bill, prior to turning age 21, the immigrant visa numbers were not available to the family until August 2007, at which time Yan Won Liao was already over 21, in real age and in CSPA calculation age.

BRIEF IN SUPPORT
OF
CSPA DETERMINATION OF ELIGIBILITY

The Child Status Protection Act of 2000 (hereinafter "CSPA") signed into law and effective on August 6, 2002, Public Law 107-208, 116 Stat. 972., amends the Immigration and Nationality Act (hereinafter "Act") concerning the definition of "child" under the Act, in order to allow families to remain in tact even if the actual age of the child reached age 21. Congress amended the Act to rectify the age-out issue faced by many foreign families who wait the proscribed period of time to legally receive immigrant visas but who are faced with devastating family separation simply due to the passage of time and the age of their children by the time an immigrant benefit becomes available.

While CSPA does offer hope and family unity for many cases, it still has very specific and limited situations in which the CSPA age determination will actually permit the "child" to remain a "child" under the INA. Several U.S.C.I.S. guidance memoranda and Department of State cable memoranda have been issued to help determine eligibility under CSPA. Specifically, this brief will refer to U.S.C.I.S. Memorandum for Regional Directors authored by Johnny N. Williams, Executive Associate Commissioner, Office of Field Operations, dated February 14, 2003 as the "Williams 2003 memo" and the Department of State Cable, Reftel (A) 02 State 163054 (B) 02 State 123775, advising posts as to immigrant visas under CSPA, as the "CSPA Cable".

The CSPA Cable directs a three-step approach: first, determine whether CSPA applies; second, if CSPA applies, second, determine whether CSPA age, and third, if over 21 even with CSPA calculation, determine the appropriate category to which the immigrant visa automatically converts.

Step 1 – CSPA Applicability

According to both the Williams 2003 memo and the CSPA Cable, to determine whether CSPA applies, review Section 8 to determine effective date of CSPA, which is the date of the enactment, August 6, 2002. Further, to determine that CSPA applies, a petition must have either been filed after 8/6/02, filed but not yet adjudicated on 8/6/02, or filed and approved prior to 8/6/02, but whose beneficiary either aged-out after 8/6/02 or the beneficiary aged out before 8/6/02 but prior to aging out, had applied for an immigrant visa[1] and was refused under 221(g). In our instance, Yan Won LIAO, was born on 05/07/1986, and did not turn 21 until 05/07/2007.

---

[1] While the derivative beneficiary did pay the immigrant visa fee bill, prior to turning age 21, the immigrant visa numbers were not available to the family until August 2007, at which time Yan Won Liao was already over 21, in real age and in CSPA calculation age.

Page 2 Brief
CSPA Brief of applicability and retention of priority date
I-130 petition by Jin Wen HUANG for daughter Yan Won LIAO

The immigrant petition by Ms. Huang's brother, Kwok Yun WONG, was filed and approved prior to August 6, 2002. (See EAC-96-196-53353). Additionally, Yan Won LIAO was the derivative beneficiary of Ms. Huang, the principle beneficiary of the F4 classification alien relative petition, sister of USC petitioner, filed on July 3rd 1996, by Kwok Yun WONG. (See NVC notification). Therefore, CSPA applies because it was enacted prior to the time the child turned 21, the child was a derivative beneficiary of a family-based petition filed and approved prior to August 6, 2002, and the child aged-out after August 6, 2002.

Step 2 – CSPA Age determination

The next step should occur to determine the CSPA age. Section 3 of CSPA applies to derivative beneficiaries of both the family and employment based preference categories. The age of the beneficiary needs to be considered and calculated by first determining the age of the alien on the date that a visa number becomes available. The age is first determined by looking at the date that the visa petition is approved AND the visa number becomes available, according to the Department of State Visa Bulletin. In this case, the I-130 was approved on July 13th 1996, with a priority date of July 3rd 1996, but the immigrant visa number did not become available until August 2007. (see Visa bulletin August 2007). Therefore, on August 1, 2006, the derivative beneficiary, Yan Won LIAO, was actual age 21 and approximately 3 months. Using the CSPA calculation, since the I-130 only took approximately 10 days to adjudicate, the CSPA age does not help to determine that Yan Won LIAO remains a "child" under CSPA.

Step 3 – If the child is determined to be 21 years of age or older, then determine appropriate automatic conversion.

Section 3 of CSPA, codified at section 203(h) of the INA, provides that

> if the age of the alien is determined to be 21 years of age or older,
> ... the alien's petition shall automatically be converted to the
> appropriate category and the alien **shall** retain the original priority
> date issued upon receipt of the original petition.

The derivative daughter, Yan Won LIAO, is determined to be over 21, even despite the CSPA calculation since she was over 21 by more than 3 months when the immigrant visa became available, and the prior I-130 had only been pending for approximately 10 days. However, according to Section 3 of CSPA, now codified in INA 203(h), the instant I-130 petition by Yan Won LIAO's mother on behalf of her unmarried, over-21 child, should automatically retain the priority date of the original petition. Therefore, the instant I-130 petition, while necessarily being categorized in the F2B category, lawful permanent resident filing on behalf of unmarried, over 21 son, the priority date to be listed **MUST** be June 27th 1996 from the original petition of which she was originally a derivative beneficiary.

Page 3 Brief
CSPA Brief of applicability and retention of priority date
I-130 petition by Jin Wen HUANG for daughter Yan Won LIAO


Therefore, a F2B priority date of June 27th 1996 is now current so that the attached application for permanent residence is timely filed for adjudication.

If there is additional information requested or required, please do not hesitate to contact this office.


Very truly yours,


Margaret W. Wong.
Margaret W. Wong & Associates

OMB #1615-0012; Expires 11/30/07

Department of Homeland Security
U.S. Citizenship and Immigration Services

# I-130, Petition for Alien Relative

| DO NOT WRITE IN THIS BLOCK - FOR USCIS OFFICE ONLY | | |
|---|---|---|
| A# | Action Stamp | Fee Stamp |

**Section or Law/Visa Category**
- [ ] 201(b) Spouse-IR-1/CR-1
- [ ] 201(b) Child-IR-2/CR-2
- [ ] 201(b) Parent-IR-5
- [ ] 203(a)(1) Unm. S or D - F1-1
- [ ] 203(a)(2)(A)Spouse- F2-1
- [ ] 203(a)(2)(A) Child- F2-2
- [ ] 203(a)(2)(B) Unm. S or D - F2-4
- [ ] 203(a)(3) Married S or D - F3-1
- [ ] 203(a)(4) Brother/Sister- F4-1

Petition was filed on: _____ (priority date)
- [ ] Personal Interview        [ ] Previously Forwarded
- [ ] Pet. [ ] Ben. " A" File Reviewed   [ ] I-485 Filed Simultaneously
- [ ] Field Investigation       [ ] 204(g) Resolved
- [ ] 203(a)(2)(A) Resolved     [ ] 203(g) Resolved

**Remarks:**

## A. Relationship    You are the petitioner.  Your relative is the beneficiary.

**1. I am filing this petition for my:**
- [ ] Husband/Wife [ ] Parent [ ] Brother/Sister [x] Child

**2. Are you related by adoption?**
- [ ] Yes [ ] No

**3. Did you gain permanent residence through adoption?**
- [ ] Yes [x] No

## B. Information about you

**1. Name (Family name in CAPS)    (First)    (Middle)**

HUANG            Jin Wen

**2. Address (Number and Street)              (Apt.No.)**

617 59th Street, 1 Fl.

(Town or City)        (State/Country)        (Zip/Postal Code)

Brooklyn            NY            11220

**3. Place of Birth (Town or City)            (State/Country)**

Guangzhou          Guangdong      China

**4. Date of Birth**        **5. Gender**    **6. Marital Status**
- [ ] Male    [x] Married  [ ] Single
02/11/1963  [x] Female  [ ] Widowed [ ] Divorced

**7. Other Names Used (including maiden name)**

None

**8. Date and Place of Present Marriage (if married)**

10/12/1963    Guangzhou, China

**9. U.S. Social Security (if any)    10. Alien Registration Number**

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              A59 258 942

**11. Name(s) of Prior Husband(s)/Wife(s)    12. Date(s) Marriage(s) Ended**

None

**13. If you are a U.S. citizen, complete the following:**

My citizenship was acquired through (check one):
- [ ] Birth in the U.S.
- [ ] Naturalization. Give certificate number and date and place of issuance.

- [ ] Parents. Have you obtained a certificate of citizenship in your own name?
  - [ ] Yes. Give certificate number, date and place of issuance.  [ ] No

**14a. If you are a lawful permanent resident alien, complete the following:**
Date and place of admission for, or adjustment to, lawful permanent residence and class of admission.

11/05/2007    New York, E-4

**14b. Did you gain permanent resident status through marriage to a U.S. citizen or lawful permanent resident?**
- [ ] Yes [ ] No

## C. Information about your relative

**1. Name (Family name in CAPS)    (First)    (Middle)**

LIAO            Yan Won

**2. Address (Number and Street)              (Apt. No.)**

#2, 77 Nanhao Street, Huifuxi Road

(Town or City)        (State/Country)        (Zip/Postal Code)

Guangzhou          Guangdong      China

**3. Place of Birth (Town or City)        (State/Country)**

Guangzhou          China

**4. Date of Birth**        **5. Gender**    **6. Marital Status**
- [ ] Male    [ ] Married  [x] Single
05/07/1986  [ ] Female  [ ] Widowed [ ] Divorced

**7. Other Names Used (including maiden name)**

None

**8. Date and Place of Present Marriage (if married)**

N/A

**9. U.S. Social Security (if any)    10. Alien Registration Number**

None              None

**11. Name(s) of Prior Husband(s)/Wive(s)    12. Date(s) Marriage(s) Ended**

N/A

**13. Has your relative ever been in the U.S.?**  [ ] Yes [ ] No

**14. If your relative is currently in the U.S., complete the following:**
He or she arrived as a:
(visitor, student, stowaway, without inspection, etc.)

N/A

Arrival/Departure Record (I-94)        Date arrived

N/A

Date authorized stay expired, or will expire, as shown on Form I-94 or I-95    N/A

**15. Name and address of present employer (if any)**  N/A

Date this employment began

**16. Has your relative ever been under immigration proceedings?**
- [x] No [ ] Yes Where _____ When _____
- [ ] Removal [ ] Exclusion/Deportation [ ] Rescission [ ] Judicial Proceedings

| INITIAL RECEIPT | RESUBMITTED | RELOCATED: Rec'd | Sent | COMPLETED: Appv'd | Denied | Ret'd |
|---|---|---|---|---|---|---|

Form I-130 (Rev. 07/30/07)Y



## C. Information about your alien relative (continued)

**17. List husband/wife and all children of your relative.**

| (Name) | (Relationship) | (Date of Birth) | (Country of Birth) |
|---|---|---|---|
| None | | | |

**18. Address in the United States where your relative intends to live.**

| (Street Address) | (Town or City) | (State) |
|---|---|---|
| 617 59th Street, 1 Fl. | Brooklyn | NY |

**19. Your relative's address abroad. (Include street, city, province and country)**      Phone Number (if any)
#2, 77 Nanhao Street, Huifuxi Road
Guangzhou            Guangdong            China

**20. If your relative's native alphabet is other than Roman letters, write his or her name and foreign address in the native alphabet.**

(Name)      Address (Include street, city, province and country):
廖燕敏      中国广东省广州市惠福西路南濠街77號二式槁楼

**21. If filing for your husband/wife, give last address at which you lived together.** (Include street, city, province, if any, and country):      From:      To:

N/A

**22. Complete the information below if your relative is in the United States and will apply for adjustment of status.**

Your relative is in the United States and will apply for adjustment of status to that of a lawful permanent resident at the USCIS office in:

If your relative is not eligible for adjustment of status, he or she will apply for a visa abroad at the American consular post in:      Guangzhou            China

| (City) | (State) | (City) | (Country) |
|---|---|---|---|

NOTE: Designation of an American embassy or consulate outside the country of your relative's last residence does not guarantee acceptance for processing by that post. Acceptance is at the discretion of the designated embassy or consulate.

## D. Other information

**1. If separate petitions are also being submitted for other relatives, give names of each and relationship.**

None

**2. Have you ever before filed a petition for this or any other alien?**   ☐ Yes   ☒ No

If "Yes," give name, place and date of filing and result.

WARNING: USCIS investigates claimed relationships and verifies the validity of documents. USCIS seeks criminal prosecutions when family relationships are falsified to obtain visas.

PENALTIES: By law, you may be imprisoned for not more than five years or fined $250,000, or both, for entering into a marriage contract for the purpose of evading any provision of the immigration laws. In addition, you may be fined up to $10,000 and imprisoned for up to five years, or both, for knowingly and willfully falsifying or concealing a material fact or using any false document in submitting this petition.

YOUR CERTIFICATION: I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Furthermore, I authorize the release of any information from my records that the U.S. Citizenship and Immigration Services needs to determine eligiblity for the benefit that I am seeking.

## E. Signature of petitioner.

X  *Jin Wen Huang*      Date   12/26/2007      Phone Number   917-535-6364

## F. Signature of person preparing this form, if other than the petitioner.

I declare that I prepared this document at the request of the person above and that it is based on all information of which I have any knowledge.

Print Name _____   Signature _____   Date _____

Address _____   G-28 ID or VOLAG Number, if any. _____

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Action**

# THE UNITED STATES OF AMERICA

| | |
|---|---|
| RECEIPT NUMBER<br>EAC-96-196-53353 | CASE TYPE   I130   IMMIGRANT PETITION FOR RELATIVE,<br>FIANCE(E), OR ORPHAN |
| RECEIPT DATE<br>July 3, 1996    PRIORITY DATE<br>June 27, 1996 | PETITIONER   A42 738 531<br>WONG, KWOK YUN |
| NOTICE DATE<br>July 13, 1996    PAGE<br>1 of 1 | BENEFICIARY<br>HUANG, JIN WEN |
| KWOK YUN WONG<br>617 59TH ST 1ST FL<br>BROOKLYN NY 11220-3908 | Notice Type:  Approval Notice<br>Section: Sister or brother of U.S.<br>Citizen, 203(a)(4) INA |

The above petition has been approved.  We have sent the original visa petition to the Department of State National Visa
Center (NVC), 32 Rochester Avenue, Portsmouth, NH 03801-2909.  NVC processes all approved immigrant visa petitions that
need consular action.  It also determines which consular office is the appropriate consulate to complete visa processing.
NVC will then forward the approved petition to that consulate.

This completes all INS action on this petition.  If you have any questions about visa issuance, please contact the NVC
directly.  The telephone number to NVC is (603) 334-0700.

The NVC will contact the person for whom you are petitioning concerning  further immigrant visa processing steps.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (802) 527-3160



# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>EAC-96-196-53353 | | CASE TYPE I130    IMMIGRANT PETITION FOR RELATIVE,<br>FIANCE(E), OR ORPHAN | |
| --- | --- | --- | --- |
| RECEIPT DATE<br>July 3, 1996 | PRIORITY DATE | PETITIONER    A42 738 531<br>WONG, KWOK YUN | |
| NOTICE DATE<br>July 3, 1996 | PAGE<br>1 of 1 | BENEFICIARY<br>HUANG, JIN WEN | |

KWOK YUN WONG
617 59TH ST 1ST FL
BROOKLYN NY 11220-3908

**Notice Type:** Receipt Notice

Amount received: $ 80.00

Section: Sister or brother of U.S.
Citizen, 203(a)(4) INA

The above application or petition has been received. It usually takes 300 to 330 days from the date of this receipt for
us to process this type of case. Please notify us immediately if any of the above information is incorrect. Our
customer service phone number is listed below.

We will send you a written notice as soon as we make a decision on this case. You can also use the phone number below
to obtain case status information direct from our automated system 24 hours a day with a touch-tone phone and the
receipt number for this case (at the top of this notice).

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (802) 527-3160



# EXHIBIT D

U.S. Department of Justice
Immigration and Naturalization Service

## Notice of Action

# THE UNITED STATES OF AMERICA

| | |
|---|---|
| RECEIPT NUMBER<br>EAC-96-196-53353 | CASE TYPE  I130  / IMMIGRANT PETITION FOR RELATIVE, FIANCE(E), OR ORPHAN |
| RECEIPT DATE<br>July 3, 1996 | PRIORITY DATE<br>June 27, 1996 | PETITIONER   A42 738 531<br>WONG, KWOK YUN |
| NOTICE DATE<br>July 13, 1996 | PAGE<br>1 of 1 | BENEFICIARY<br>HUANG, JIN WEN |

KWOK YUN WONG
617 59TH ST 1ST FL
BROOKLYN NY 11220-3908

Notice Type: Approval Notice
Section: Sister or brother of U.S.
         Citizen, 203(a)(4) INA

The above petition has been approved.  We have sent the original visa petition to the Department of State National Visa Center (NVC), 32 Rochester Avenue, Portsmouth, NH 03801-2909.  NVC processes all approved immigrant visa petitions that need consular action.  It also determines which consular post is the appropriate consulate to complete visa processing. NVC will then forward the approved petition to that consulate.

This completes all INS action on this petition.  If you have questions about visa issuance, please contact the NVC directly.  The telephone number to NVC is (603) 334-0...

The NVC will contact the person for whom you are petitioning concerning  further immigrant visa processing steps.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (802) 527-3160



U.S. Department of Justice
Immigration and Naturalization Service

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE  I130   IMMIGRANT PETITION FOR RELATIVE, |
|---|---|---|
| EAC-96-196-53353 | | FIANCE(E), OR ORPHAN |
| RECEIPT DATE | PRIORITY DATE | PETITIONER  A42 738 531 |
| July 3, 1996 | | WONG, KWOK YUN |
| NOTICE DATE | PAGE | BENEFICIARY |
| July 3, 1996 | 1 of 1 | HUANG, JIN WEN |

KWOK YUN WONG
617 59TH ST 1ST FL
BROOKLYN NY 11220-3908

Notice Type:  Receipt Notice

Amount received: $   80.00

Section: Sister or brother of U.S.
         Citizen, 203(a)(4) INA

The above application or petition has been received.  It normally takes 300 to 330 days from the date of this receipt for
us to process this type of case.  Please notify us immediately if any of the above information is incorrect.  Our
customer service phone number is listed below.

We will send you a written notice as soon as we make a decision on this case.  You can also use the phone number below
to obtain case status information direct from our automated system 24 hours a day with a touch-tone phone and the
receipt number for this case (at the top of this notice).

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (802) 527-3160



OMB #1115-0054

# Petition for Alien Relative

| DO NOT WRITE IN THIS BLOCK - FOR EXAMINING OFFICE ONLY | | |
|---|---|---|
| **Action Stamp** | **Fee Stamp** | |

ase ID#

-28 or Volag #

**ection of Law:**
- [ ] 201 (b) spouse
- [ ] 201 (b) child
- [ ] 201 (b) parent
- [ ] 203 (a)(1)
- [ ] 203 (a)(2)
- [ ] 203 (a)(4)
- [ ] 203 (a)(5)

M CON: _____

emarks:

Petition was filed on: _____  _____ (priority date)
- [ ] Personal Interview
- [ ] Pet. [ ] Ben. "A" File Reviewed
- [ ] Field Investigations
- [ ] 204 (a)(2)(A) Resolved
- [ ] Previously Forwarded
- [ ] Stateside Criteria
- [ ] I-485 Simultaneously
- [ ] 204 (h) Resolved

## . Relationship

The alien relative is my
- [ ] Husband/Wife  [ ] Parent  [✓] Brother/Sister  [ ] Child

2. Are you related by adoption?  [ ] Yes  [ ] No

3. Did you gain permanent residence through adoption?  [ ] Yes  [✓] No

## Information about you

**1. Name (Family name in CAPS)** (First) (Middle)
WONG   KOWK   YUN

**2. Address (Number and Street)** (Apartment Number)
617 59TH ST.    194 FL.

(Town or City)  (State/Country)  (ZIP/Postal Code)
BROOKLYN   N.Y. USA   (1220-3908

**3. Place of Birth (Town or City)** (State/Country)
GUANGZHOU   CHINA

**4. Date of Birth** (Mo/Day/Yr)
9-4-61

**5. Sex**  [ ] Male  [✓] Female

**6. Marital Status**  [✓] Married  [ ] Widowed  [ ] Single  [ ] Divorced

**7. Other Names Used (including maiden name)**
NONE

**8. Date and Place of Present Marriage (if married)**
6-5-91 GUANGZHOU CHINA

**9. Social Security Number**
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

**10. Alien Registration Number (if any)**
A42738531

**11. Names of Prior Husbands/Wives**
NONE

**12. Date(s) Marriages(s) Ended**
NONE

If you are a U.S. citizen, complete the following:
My citizenship was acquired through (check one)
- [ ] Birth in the U.S.
- [✓] Naturalization (Give number of certificate, date and place it was issued)
21916460   4-19-96 BROOKLYN N.Y.
- [ ] Parents

Have you obtained a certificate of citizenship in your own name?
- [ ] Yes  [ ] No
If "Yes", give number of certificate, date and place it was issued

If you are a lawful permanent resident alien, complete the following:
Date and place of admission for, or adjustment to, lawful permanent residence,
and class of admission.

Did you gain permanent resident status through marriage to a United
States citizen or lawful permanent resident?  [ ] Yes  [ ] No

## C. Information about your alien relative

**1. Name (Family name in CAPS)** (First) (Middle)
HUANG   JINWEN

**2. Address (Number and Street)** (Apartment Number)
ROOM 101, NO.9, COURT 19 DASHATOU ROAD

(Town or City)  (State/Country)  (ZIP/Postal Code)
GUANGZHOU   GUANGDONG   CHINA

**3. Place of Birth (Town or City)** (State/Country)
GUANGZHOU   GUANGDONG   CHINA

**4. Date of Birth** (Mo/Day/Yr)
2-11-63

**5. Sex**  [ ] Male  [✓] Female

**6. Marital Status**  [✓] Married  [ ] Widowed  [ ] Single  [ ] Divorced

**7. Other Names Used (including maiden name)**
HUANG   JINWEN

**8. Date and Place of Present Marriage (if married)**
10-12-85 GUANGZHOU CHINA

**9. Social Security Number**
NONE

**10. Alien Registration Number (if any)**
NONE

**11. Names of Prior Husbands/Wives**

**12. Date(s) Marriages(s) Ended**

**13. Has your relative ever been in the U.S.?**
- [ ] Yes  [✓] No

**14.** If your relative is currently in the U.S., complete the following: He or
she last arrived as a (visitor, student, stowaway, without inspection, etc.)

Arrival/Departure Record (I-94) Number    Date arrived (Month/Day/Year)

Date authorized stay expired, or will expire, as shown on Form I-94 or I-95

**15.** Name and address of present employer (if any)

Date this employment began (Month/Day/Year)

**16.** Has you relative ever been under immigration proceedings?
- [ ] Yes  [ ] No  Where _____  When _____
- [ ] Exclusion  [ ] Deportation  [ ] Recission  [ ] Judicial Proceedings

| INITIAL RECEIPT | RESUBMITTED | RELOCATED | | COMPLETED | | |
|---|---|---|---|---|---|---|
| | | Rec'd | Sent | Approved | Denied | Returned |

**16.** List husband/wife and all children of your relative (if your relative is your husband/wife, list only his or her children)

| (Name) | (Relationship) | (Date of Birth) | (Country of Birth) |
|---|---|---|---|
| LIAO, JIN JIAN | HUSBAND | 11-6-56 | CHINA |
| LIAO, YAN WON | DAUGHTER | 5-7-86 | CHINA |

**17.** Address in the United States where your relative intends to live

| (Number and Street) | (Town or City) | (State) |
|---|---|---|
| 617  59TH ST. | BROOKLYN | NEW YORK |

**18.** Your relative's address abroad

(Number and Street) (Town or City) (Province) (Country) (Phone Number)

Room 101, No. 9, COURT 19 DASHATOU ROAD GUANGZHOU GUANGDONG CHINA ( 8385583)

**19.** If your relative's native alphabet is other than Roman letters, write his or her name and address abroad in the native alphabet:

(Name) (Number and Street) (Town or City) (Province) (Country)

黄瑞芳　大沙头路十九号大院,宏号一0一房　　广州市　　广东省　　中华人民共和国

**20.** If filing for your husband/wife, give last address at which you both lived together:

(Name) (Number and Street) (Town or City) (Province) From (Month) (Year) To (Month) (Year)

**21.** Check the appropriate box below and give the information required for the box you checked.

☐ Your relative will apply for a visa abroad at the American Consulate in  GUANGZHOU   CHINA.
(City) (Country)

☐ Your relative is in the United States and will apply for adjustment of status to that of a lawful permanent resident in the office of the Immigration and Naturalization Service at _____ . If your relative is not eligible for adjustment of status, he or she will
(City) (State)

apply for a visa abroad at the American Consulate in _____
(City) (Country)

(Designation of a consulate outside the country of your relative's last residence does not guarantee acceptance for processing by that consulate. Acceptance is at the discretion of the designated consulate.)

## D.  Other Information

**1.** If separate petitions are also being submitted for other relatives, give names of each and relationship.

HUANG, XING YAN - SISTER | HUANG, SHAO SHENG - FATHER | REN DA HUANG - BROTHER | HUOQUAN HUANG - BROTHER

**2.** Have you ever filed a petition for this or any other alien before?  ☐ Yes  ☒ No

If "Yes," give name, place and date of filing, and result.

**Warning:**  The INS investigates claimed relationships and verifies the validity of documents.  The INS seeks criminal prosecutions when family relationships are falsified to obtain visas.

**Penalties:**  You may, by law be imprisoned for not more than five years, or fined $250,000, or both, for entering into a marriage contract for the purpose of evading any provision of the immigration laws and you may be fined up to $10,000 or imprisoned up to five years or both, for knowingly and willfully falsifying or concealing a material fact or using any false document in submitting this petition.

**Your Certification:**  I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.  Furthermore, I authorize the release of any information from my records which the Immigration and Naturalization Service needs to determine eligibility for the benefit that I am seeking.

Signature  *Kwok Yan Wong*        Date  6-21-96   Phone Number  718-439-6746

## Signature of Person Preparing Form if Other than Above

I declare that I prepared this document at the request of the person above and that it is based on all information of which I have any knowledge.

Print Name _____ (Address) _____ (Signature) _____ (Date) _____

G-28 ID Number _____

Volag Number _____

# Immigrant Visa Application Processing Fee Bill

(DO NOT DUPLICATE OR PHOTOCOPY THIS BILL)
Keep this top portion for your records

September 18, 2006

IV Fee Bill for:   YAN WON LIAO
This fee bill is only for the name listed above.
Amount Due:  $380.00
Case Number: GUZ1996705045

**When we receive your Immigrant Visa fees, we will send you the Immigrant Visa application (form DS-230 Part I) along with further instructions. Return only the original application that we send to you. Do not use downloaded computer forms.**

**Instructions:**  There is one Immigrant Visa Application Processing Fee Bill for each traveling applicant.
This fee bill is only for the name listed above.

Do not attempt to add and/or pay for any new applicant(s) with this bill, as they cannot be accepted. Please contact NVC customer service if you need to add applicant(s) to this case.

Please pay the exact amount shown on this fee bill. If you have multiple fee bills in this package, you may combine them into a single check ($380.00 per traveling applicant).

If this fee bill is not for HUANG, JIN WEN (the principal applicant) and you are listed on the petition but not traveling with the principal applicant, you need to provide that information to NVC immediately. Do not pay this fee.

YOU MUST SEND THE FOLLOWING when making payment:
*A cashier's check or money order in U.S. dollars, drawn on a U.S. bank, made payable to the Department of State with the case number written on the front of the check (Do not send cash, a **personal** or attorney/firm check), and
*All fee bills for traveling applicants (required to process this case) **Fees are not refundable**

An addressed envelope is enclosed for your use. If you have misplaced this envelope, the address to send this fee bill is shown below.

**DO NOT SEND ANY DS-230 FORMS NOW, the forms will be sent to you once this fee has been paid. Sending the DS-230 form now will cause delays in processing your case.**

If a period of one year passes without contacting NVC (by telephone or mail), all submitted fees and documents will expire. If you allow this to happen, fees and documents will need to be resubmitted to continue the immigration process.

Please fold here, detach, and return the bottom portion with your payment. (DO NOT DUPLICATE OR PHOTOCOPY THIS BILL.)

Receipt Rec'60
092021
4834 9113250

黄锦文

American Consulate General
#1 Shamian South Street
Guangzhou, China
510133

Date: 16 Aug 2007

JINWEN HUANG
NO.2/77, NANHAO ST
HUIFUXI ROAD
GUANGZHOU GUANGDONG 510120
81871041/
Dear HUANG, JINWEN.

The Consulate has scheduled an appointment for an immigrant visa interview for the beneficiaries as noted at the bottom of this letter. Please bring this appointment letter with you to your medical exam. You must also present this letter when you arrive on the date of your interview.

The interview will take place in the Immigrant Visa Unit at the following location:

5th Floor, 2nd Annex of Tianyu Garden, 136-142 Lin He Zhong Rd., Guangzhou

If you have additional questions, send us an email via the Consulate web site at: www.usembassy-china.org.cn/guangzhou/iv/email.html. You may also submit your inquiry via fax at (86)(20)3884-4412 or mail a letter to 1 Shamian South Street, Guangzhou, China 510133.

Sincerely

Chief, Immigrant Visa Branch

Visa Appointment
Date              Time
********************
26-Sep-2007      08:00

Case Number: GUZ1996705045
Name  (P)  : HUANG, JINWEN
Preference Category: F4 - CHIN

Traveling Applicants:
(P)  HUANG, JINWEN
(S)  LIAO, JINJIAN

11 FEB 1963
06 NOV 1956

Encl : Packet 4

# EXHIBIT E

Visa Bulletin September 2009 Case 1:09-cv-03776-BMC   Document 1   Filed 09/01/09   Page 43 of 47

# Visa Bulletin

*Number 12*
*Volume IX*
*Washington, D.C.*

## VISA BULLETIN SEPTEMBER 2009

### A. STATUTORY NUMBERS

1. This bulletin summarizes the availability of immigrant numbers during September. Consular officers are required to report to the Department of State documentarily qualified applicants for numerically limited visas; the Bureau of Citizenship and Immigration Services in the Department of Homeland Security reports applicants for adjustment of status. Allocations were made, to the extent possible under the numerical limitations, for the demand received by August 10th in the chronological order of the reported priority dates. If the demand could not be satisfied within the statutory or regulatory limits, the category or foreign state in which demand was excessive was deemed oversubscribed. The cut-off date for an oversubscribed category is the priority date of the first applicant who could not be reached within the numerical limits. Only applicants who have a priority date earlier than the cut-off date may be allotted a number. Immediately that it becomes necessary during the monthly allocation process to retrogress a cut-off date, supplemental requests for numbers will be honored only if the priority date falls within the new cut-off date which has been announced in this bulletin.

2. The fiscal year 2009 limit for family-sponsored preference immigrants determined in accordance with Section 201 of the Immigration and Nationality Act (INA) is 226,000. The fiscal year 2009 limit for employment-based preference immigrants calculated under INA 201 is 140,000. Section 202 prescribes that the per-country limit for preference immigrants is set at 7% of the total annual family-sponsored and employment-based preference limits, i.e., 25,620 for FY-2009. The dependent area limit is set at 2%, or 7,320.

3. Section 203 of the INA prescribes preference classes for allotment of immigrant visas as follows:

### FAMILY-SPONSORED PREFERENCES

First: Unmarried Sons and Daughters of Citizens: 23,400 plus any numbers not required for fourth preference.

Second: Spouses and Children, and Unmarried Sons and Daughters of Permanent Residents: 114,200, plus the number (if any) by which the worldwide family preference level exceeds 226,000, and any unused first preference numbers:

A. Spouses and Children: 77% of the overall second preference limitation, of which 75% are exempt from the per-country limit;

B. Unmarried Sons and Daughters (21 years of age or older): 23% of the overall second preference limitation.

Third: Married Sons and Daughters of Citizens: 23,400, plus any numbers not required by first and second preferences.

Fourth: Brothers and Sisters of Adult Citizens: 65,000, plus any numbers not required by first three preferences.

### EMPLOYMENT-BASED PREFERENCES

First: Priority Workers: 28.6% of the worldwide employment-based preference level, plus any numbers not required for fourth and fifth preferences.

Second: Members of the Professions Holding Advanced Degrees or Persons of Exceptional Ability: 28.6% of the worldwide employment-based preference level, plus any numbers not required by first preference.

Case 1:09-cv-03776-BMC   Document 1   Filed 09/01/09   Page 44 of 47

Third: Skilled Workers, Professionals, and Other Workers: 28.6% of the worldwide level, plus any numbers not required by first and second preferences, not more than 10,000 of which to "Other Workers".

Fourth: Certain Special Immigrants: 7.1% of the worldwide level.

Fifth: Employment Creation: 7.1% of the worldwide level, not less than 3,000 of which reserved for investors in a targeted rural or high-unemployment area, and 3,000 set aside for investors in regional centers by Sec. 610 of P.L. 102-395.

4. INA Section 203(e) provides that family-sponsored and employment-based preference visas be issued to eligible immigrants in the order in which a petition in behalf of each has been filed. Section 203(d) provides that spouses and children of preference immigrants are entitled to the same status, and the same order of consideration, if accompanying or following to join the principal. The visa prorating provisions of Section 202 (e) apply to allocations for a foreign state or dependent area when visa demand exceeds the per-country limit. These provisions apply at present to the following oversubscribed chargeability areas: CHINA-mainland born, INDIA, MEXICO, and PHILIPPINES.

5. On the chart below, the listing of a date for any class indicates that the class is oversubscribed (see paragraph 1); "C" means current, i.e., numbers are available for all qualified applicants; and "U" means unavailable, i.e., no numbers are available. (NOTE: Numbers are available only for applicants whose priority date is earlier than the cut-off date listed below.)

| | All Charge-ability Areas Except Those Listed | CHINA-mainland born | INDIA | MEXICO | PHILIPPINES |
|---|---|---|---|---|---|
| **Family** | | | | | |
| **1st** | 15MAY03 | 15MAY03 | 15MAY03 | 01JAN91 | 22SEP93 |
| **2A** | 15APR05 | 15APR05 | 15APR05 | 22DEC02 | 15APR05 |
| **2B** | 01JUL01 | 01JUL01 | 01JUL01 | 15MAY92 | 01MAY98 |
| **3rd** | 15DEC00 | 15DEC00 | 15DEC00 | 01JUL91 | 22SEP91 |
| **4th** | 22FEB99 | 22FEB99 | 22FEB99 | 22SEP95 | 22OCT86 |

*NOTE: For September, 2A numbers EXEMPT from per-country limit are available to applicants from all countries with priority dates earlier than 22DEC02. 2A numbers SUBJECT to per-country limit are available to applicants chargeable to all countries EXCEPT MEXICO with priority dates beginning 22DEC02 and earlier than 15APR05. (All 2A numbers provided for MEXICO are exempt from the per-country limit; there are no 2A numbers for MEXICO subject to per-country limit.)

| | All Charge-ability Areas Except Those Listed | CHINA-mainland born | INDIA | MEXICO | PHILIPPINES |
|---|---|---|---|---|---|
| **Employment-based** | | | | | |
| **1st** | C | C | C | C | C |
| **2nd** | C | 08JAN05 | 08JAN05 | C | C |
| **3rd** | U | U | U | U | U |
| **Other Worker** | U | U | U | U | U |
| **4th** | U | U | U | U | U |
| **Certain Religious Workers** | U | U | U | U | U |
| **5th** | C | C | C | C | C |

Case 1:09-cv-03776-BMC   Document 1   Filed 09/01/09   Page 45 of 47

| Targeted Employment Areas/ Regional Centers | C | C | C | C | C |
|---|---|---|---|---|---|

The Department of State has available a recorded message with visa availability information which can be heard at: (area code 202) 663-1541. This recording will be updated in the middle of each month with information on cut-off dates for the following month.

Employment Third Preference Other Workers Category: Section 203(e) of the NACARA, as amended by Section 1(e) of Pub. L. 105-139, provides that once the Employment Third Preference Other Worker (EW) cut-off date has reached the priority date of the latest EW petition approved prior to November 19, 1997, the 10,000 EW numbers available for a fiscal year are to be reduced by up to 5,000 annually beginning in the following fiscal year. This reduction is to be made for as long as necessary to offset adjustments under the NACARA program. Since the EW cut-off date reached November 19, 1997 during Fiscal Year 2001, the reduction in the EW annual limit to 5,000 began in Fiscal Year 2002.

## B. DIVERSITY IMMIGRANT (DV) CATEGORY

Section 203(c) of the Immigration and Nationality Act provides a maximum of up to 55,000 immigrant visas each fiscal year to permit immigration opportunities for persons from countries other than the principal sources of current immigration to the United States. The Nicaraguan and Central American Relief Act (NACARA) passed by Congress in November 1997 stipulates that beginning with DV-99, and for as long as necessary, up to 5,000 of the 55,000 annually-allocated diversity visas will be made available for use under the NACARA program. **This reduction has resulted in the DV-2009 annual limit being reduced to 50,000.** DV visas are divided among six geographic regions. No one country can receive more than seven percent of the available diversity visas in any one year.

For September, immigrant numbers in the DV category are available to qualified DV-2009 applicants chargeable to all regions/eligible countries as follows. When an allocation cut-off number is shown, visas are available only for applicants with DV regional lottery rank numbers BELOW the specified allocation cut-off number:

| Region | All DV Chargeability Areas Except Those Listed Separately | |
|---|---|---|
| AFRICA | CURRENT | Except: Egypt 22,900 Ethiopia 23,900 |
| ASIA | CURRENT | |
| EUROPE | CURRENT | |
| NORTH AMERICA (BAHAMAS) | CURRENT | |
| OCEANIA | CURRENT | |
| SOUTH AMERICA, and the CARIBBEAN | CURRENT | |

Entitlement to immigrant status in the DV category lasts only through the end of the fiscal (visa) year for which the applicant is selected in the lottery. The year of entitlement for all applicants registered for the DV-2009 program ends as of September 30, 2009. DV visas may not be issued to DV-2009 applicants after that date. Similarly, spouses and children accompanying or following to join DV-2009 principals are only entitled to derivative DV status until September 30, 2009. DV visa availability through the very end of FY-2009 cannot be taken for granted. Numbers could be exhausted prior to September 30.

## C. ADVANCE NOTIFICATION OF THE DIVERSITY (DV) IMMIGRANT CATEGORY RANK CUT-OFFS WHICH WILL APPLY IN OCTOBER

Case 1:09-cv-03776-BMC   Document 1   Filed 09/01/09   Page 46 of 47

For October, immigrant numbers in the DV category are available to qualified DV-2010 applicants chargeable to all regions/eligible countries as follows. When an allocation cut-off number is shown, visas are available only for applicants with DV regional lottery rank numbers BELOW the specified allocation cut-off number:

| Region | All DV Chargeability Areas Except Those Listed Separately | |
|---|---|---|
| AFRICA | 8,300 | Except: Egypt 3,100 Ethiopia 3,900 Nigeria 5,500 |
| ASIA | 7,000 | |
| EUROPE | 9,100 | |
| NORTH AMERICA (BAHAMAS) | 2 | |
| OCEANIA | 375 | |
| SOUTH AMERICA, and the CARIBBEAN | 450 | |

## D. EMPLOYMENT FOURTH, AND EMPLOYMENT FOURTH CERTAIN RELIGIOUS WORKER, VISA AVAILABILITY FOR SEPTEMBER

Heavy applicant demand for numbers in the Employment Fourth, and Employment Fourth Certain Religious Worker, categories has resulted in their becoming "Unavailable" for September. This "Unavailable" status will take effect immediately for August because the annual limit for those categories has been reached. Therefore, no further requests for numbers in those categories can be processed during FY-2009.

The Employment Fourth preference can be expected to return to a "Current" status for October, the first month of the new fiscal year. The Employment Fourth Certain Religious Workers category is currently scheduled to expire on September 30, 2009, and future availability will depend on legislative action.

## G. OBTAINING THE MONTHLY VISA BULLETIN

The Department of State's Bureau of Consular Affairs offers the monthly "Visa Bulletin" on the INTERNET'S WORLDWIDE WEB. The INTERNET Web address to access the Bulletin is:

http://travel.state.gov

From the home page, select the VISA section which contains the Visa Bulletin.

To be placed on the Department of State's E-mail subscription list for the "Visa Bulletin", please send an E-mail to the following E-mail address:

**listserv@calist.state.gov**

and in the message body type:
**Subscribe Visa-Bulletin First name/Last name
(example: Subscribe Visa-Bulletin Sally Doe)**

To be removed from the Department of State's E-mail subscription list for the "Visa Bulletin", send an e-mail message to the following E-mail address:

**listserv@calist.state.gov**

and in the message body type: Signoff Visa-Bulletin

The Department of State also has available a recorded message with visa cut-off dates which can be heard

at: (area code 202) 663-1541. The recording is normally updated by the middle of each month with information on cut-off dates for the following month.

Readers may submit questions regarding Visa Bulletin related items by E-mail at the following address:

**VISABULLETIN@STATE.GOV**

(This address cannot be used to subscribe to the Visa Bulletin.)

Department of State Publication 9514
CA/VO:August 10, 2009